**STUCKERT et al. v. MORRIS et al.**
No. 14766.

Court of Civil Appeals of Texas.
Fort Worth.
May 17, 1946.

Glenn Smith and Ernest May, both of Fort Worth, for appellants.

Haddaway & Denny, of Fort Worth, for appellees.

McDONALD, Chief Justice.

This suit involves the construction of a zoning ordinance in force in the City of Fort Worth.

The property in question is a residence building situated in what is referred to in the zoning ordinance as a two-family district. Appellant Mrs. Stuckert, the owner of the building, proposes to build an additional bathroom at the front of the house. The exact location of the proposed bathroom will be more definitely shown later in the opinion. Appellees, owners of nearby residences, brought the present suit to enjoin the construction of said bathroom. The appeal is from a temporary injunction forbidding the building of the bathroom.

Following are applicable portions of the zoning ordinance:

"In the Two Family District * * * there shall be a front yard of not less than 25 feet to the front line of the building, and not less than 15 feet to the front line of an open porch or paved terrace."

"Building: A structure having a roof supported by columns or walls."

"Structural Alterations: Any change in the supporting members of a building, such as bearing walls, columns, beams or girders."

"In the Two-Family District, no building or land shall be used and no building altered, unless otherwise provided in this ordinance, except for one or more of the following uses:

"2: Two-Family Dwellings."

The dwelling in question faces east. At the front of the house is a covered porch,

which extends from the north side of the building about three-fourths of the distance to the south side of the building. The proposed bathroom is to be located to the south of the present covered porch. It will extend seven feet to the east from the present east or front wall of the residence, and will run a distance of nine feet north and south. One of the witnesses testified that the east wall of the proposed bathroom would be 19 feet from the front property line, and another testified that the distance would be 21½ feet.

It is conceded that the portion of the zoning ordinance here involved applies only to a new building or to a structural alteration of an old building, and that this house, except for the proposed bathroom, was built before the adoption of the ordinance.

Appellants first argue that the building of the proposed bathroom does not amount to a structural alteration of the house. We cannot agree with appellants in this respect. It seems clear to us that the building of a new bathroom on an existing residence would be a structural alteration, and would have to be done in compliance with the zoning ordinance. Had the front wall of this house been closer than 25 feet to the property line at the time of the adoption of the ordinance, its continuance in such location would not be a violation of the ordinance, but the building of a new room projecting into the prohibited area would constitute a violation of the ordinance.

Appellants also argue that even a structural alteration in the manner proposed would not be prohibited by the ordinance, because the ordinance permits two-family houses in the area where this house is located, and the building of the extra bathroom is thus an accomplishment of the purposes of the ordinance. We cannot see the force of this argument. Whether the houses in this area are used by two families or by one family, any new building, or any structural alteration of old houses, must conform to the requirement that there be a front yard of not less than 25 feet to the front line of the building, and not less than 15 feet to the front line of an open porch or paved terrace.

Appellants argue that they do not propose to extend the front line of the house as presently built, on the theory that the porch in question is not an open porch or paved terrace, and that the front line of the porch is therefore the front line of the house. Several photographs of the house, and of nearby houses, are in the record. It is apparent that the porch on this house is one of a general type which will be found on countless houses in this part of the country. A common sense interpretation of the ordinance, as applied to the facts of this case, is that the porch on this house is not to be counted in determining whether there is a yard of not less than 25 feet to the front line of the building. The porch on this house, if now being built, would not be in violation of the ordinance. Whatever argument might be made about this porch being open, or not, the conclusion is inescapable that the proposed bathroom is not an open porch, and that it will bring the front line of the house forward to such a point that there will not then remain a front yard of 25 feet to the front line of the building.

For many cases where the courts have had occasion to decide questions relating to building line restrictions in the building of porches, see the annotation in 55 A.L.R., at page 338. In a sense a porch may be thought of as an integral part of the house, but when considered from the standpoint of building line restrictions, it is usually thought of as something apart from the main body of the house where the law or ordinance fixing the building line distinguishes between the main building and the porches. In no other way can full effect be given to such ordinances as we have before us. We do not have to decide whether the owner would violate the ordinance by enclosing the porch with glass or other material. We do hold that the proposed bathroom is a structural alteration of the house, and that the front line of the present porch is not, within contemplation of the ordinance, the front line of the house.

Appellants also argue that the phrase "open porch" as used in the ordinance is so indefinite as to afford no basis for enforcement. We overrule this con-

tention. The phrase is one that is often found in ordinances, as may be seen from the cases cited in the above A.L.R. annotation. The ordinance prohibits an invasion of the 25 feet of front yard, making an exception only in the case of an open porch or paved terrace. As we see. it, the existing porch comes within the exception, but the proposed bathroom does not.

The judgment of the trial court is affirmed.